# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| THOMAS R. MONTGOMERY, | ) | |
| --- | --- | --- |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-70-M |
| | ) | |
| DAVID C. JACOBS, | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Thomas R. Montgomery filed this 42 U.S.C. § 1983 action nearly one year ago, identifying himself as a pro se litigant incarcerated at Grady County Jail in Chickasha, Oklahoma. This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Since requesting and receiving leave to proceed *in forma pauperis* and seeking issuance of summons for service of his complaint, Mr. Montgomery has taken no further action in this case. In light of Plaintiff's failure to prosecute his case and to comply with this Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

**I.    Background**

Mr. Montgomery filed his complaint on January 22, 2013 and was granted leave to proceed *in forma pauperis* the next day (Doc. Nos. 1, 2). On January 30, 2013, the Court ordered service of Plaintiff's complaint upon Defendant David C. Jacobs and advised Plaintiff that failure to complete service within 120 days of that date could result in dismissal of his lawsuit under Federal Rule of Civil Procedure 4(m). The Court also ordered Grady County Jail officials to submit partial payments toward the $350.00 filing

fee out of Mr. Montgomery's institutional account. Doc. Nos. 9, 10; *see* 28 U.S.C. § 1915(b)(2).

Although proof of service was filed by the United States Marshals on March 26, 2013, Grady County Jail officials then advised the Court of their belief that Defendant Jacobs had not been properly served and was not subject to suit (Doc. No. 14). On August 27, 2013, the Court therefore ordered Plaintiff to address these concerns within 20 days (Doc. No. 16). After Mr. Montgomery failed to respond, the Court directed Mr. Montgomery to show cause no later than November 22, 2013 why this action should not be dismissed under Rule 4(m) for failure to serve Defendant Jacobs (Order, Doc. No. 20). The Court warned Mr. Montgomery that "[t]he failure to timely comply with this Order may result in involuntary dismissal of all claims against Defendant Jacobs." Order 2.

To date, Mr. Montgomery has not filed new proof of service or otherwise responded to the Court's Orders of August 27 and November 1, 2013. All recent mailings from this Court to Mr. Montgomery at his last provided address have been returned as undeliverable, with the notation "Not in Grady County Jail." (*See* Doc. Nos. 17, 18, 19, 20.) The 120-day Rule 4(m) deadline for Plaintiff to perfect service passed on May 30, 2013. A November 26, 2013 review of the records maintained electronically by the Oklahoma Department of Corrections ("ODOC") indicates that Mr. Montgomery is no longer in the custody of an ODOC facility. His current whereabouts are unknown.

## II. Plaintiff's Failure to Prosecute and to Comply with the Court's Orders.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted);[1] *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Although Mr. Montgomery is representing himself in this case, he is obligated by Local Civil Rule 5.4(a) to notify the Court of any change in his mailing address, *see Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), which he has failed to do. This failure has left the Court unable to collect any of the $350.00 filing fee still owed by Mr. Montgomery, to evaluate Mr. Montgomery's current ability to pay this fee, or to further communicate with him regarding this lawsuit.

Mr. Montgomery's failure to prosecute his action and to comply with Court Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action.

---

[1] Unpublished decisions are cited herein for their persuasive value pursuant to Tenth Circuit Rule 32.1(A).

*Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). The Court has provided Mr. Montgomery ample notice of the possibility of dismissal. Any additional notice would be futile given that the Court's mailings will not be received by Mr. Montgomery. Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to refiling. *See, e.g., Thornton v. Estep*, 209 F. App'x 755, 757 (10th Cir. 2006); *Lauman v. Corr. Healthcare Mgmt. of Okla., Inc.*, No. CIV-08-137-D, 2008 WL 4147566, at *1-2 (W.D. Okla. Sept. 2, 2008).

### III. Plaintiff's Claims are Subject to Dismissal as Having Been Filed Outside the Applicable Two-year Statute of Limitations.

The Court is obligated to consider whether the recommended dismissal without prejudice would have the same practical effect as a dismissal with prejudice due to expiration of the plaintiff's statute of limitations since the lawsuit was filed. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013). Here, however, this consideration does not counsel against dismissal.

Liberally construed, the allegations of Plaintiff's Complaint reflect that his cause of action accrued on February 28, 2009 at the earliest or in January 2010 at the latest. *See* Compl. 2-4. The Tenth Circuit has held that the two-year statute of limitations found in 12 Okla. Stat. § 95(3) applies to Section 1983 claims brought by Oklahoma inmates. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Given this two-year limitations period, and the lack of any facts in Plaintiff's Complaint that would permit the statute of limitations to be tolled, Plaintiff's time to file his various claims

expired by January 2012 at the latest—about one year before he filed this lawsuit. All of Plaintiff's claims therefore would be subject to dismissal as time-barred if this case were to proceed. *Cf. Rodriguez*, 521 F. App'x at 671 n.1 (noting that some of plaintiff's claims may have been time-barred before the suit was filed; distinguishing those claims from the claims for which the statute of limitations expired while the case was pending).

**IV.     Recommendation and Notice of Right to Object.**

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice. The Court Clerk is directed to send a copy of this Report and Recommendation to Plaintiff's last known address.[2]

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 10, 2013, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation would waive the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral.

ENTERED this 26th day of November, 2013.

                                                  CHARLES B. GOODWIN
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] "Papers sent by the Court will be deemed delivered if sent to the last known address given to the Court." LCvR 5.4(a).